UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MICHELLE RIVERA
on behalf of herself and
all other similarly situated consumers

                    Plaintiff,

     -against-


DELTA OUTSOURCE GROUP, INC.

                    Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Michelle Rivera seeks redress for the illegal practices of Delta Outsource Group, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in O'fallon, Missouri.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Michelle Rivera*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about January 15, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated in pertinent part as follows: "As of the date of this letter you owe $877.58. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-979-3254."

12. Upon information and belief, the said language in the above letter deceptively threatens "late charges, and other charges" of which the Defendant does not engage.

13. Said language is vague as to a mechanism for the consumer to determine exactly how much the debt will be on a date certain.

14. Although the Seventh Circuit has suggested a statement to satisfy a debt collector's duty to specify the amount of the debt in cases where the amount varies from day to day, see *Miller*, 214 F.3d at 876, a better solution may be to require debt collectors to state the

amount of debt, including interest and all other charges, due on a date certain in the future after the debtor's receipt of the letter.[1] A debtor that chooses to timely pay the debt is advised of the amount of payment that will completely satisfy his obligation. On the other hand, a debtor that neglects his or her account is notified of the ever-increasing amount that accrues by the failure to promptly satisfy the debt. <u>Kolganov v. Phillips & Cohen Associates</u>, 2004 WL 958028 *3 (E.D.N.Y.)

15. The said language leaves the Plaintiff unsure of the final amount of the debt; i.e. once she has paid the said amount, will this be the final amount or would she will be subjected to more fees.

16. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692g(1) for engaging in deceptive practices.

## **AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

17. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixteen (16) as if set forth fully in this cause of action.

18. This cause of action is brought on behalf of Plaintiff and the members of a class.

19. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 15, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Comenity Bank; and (b) the collection letter was not returned by the postal service as

---

[1] For example, the January 11, 2002 letter mailed in this case would have stated: "As of January 18, 2002, you will owe $____ [the exact amount due]. If you pay the amount shown above by January 18, 2002, your debt will be completely satisfied. This sum includes the original debt as well as interest, late charges, and other charges that apply. If you fail to pay the amount shown by January 18, 2002, additional amounts will be added."

-3-

undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692g(1) for engaging in deceptive practices.

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

25. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 15, 2015

     /s/ Adam J. Fishbein  
Adam J. Fishbein, P.C.  (AF-9508)  
Attorney At Law  
**Attorney for the Plaintiff**  
483 Chestnut Street  
Cedarhurst, New York 11516  
Telephone (516) 791-4400  
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein  
Adam J. Fishbein (AF-9508)



DELTA OUTSOURCE GROUP

**Mailing Address:**
Delta Outsource Group, Inc.
PO Box 1210
O'Fallon, MO 63366-9010

**Telephone:** 1-800-979-3254
**WebSite:** www.deltaoutsourcegroup.com

**Office Hours:**
| | |
|---|---|
| Monday – Thursday | 7:00 am-9:00 pm CT |
| Friday | 7:00 am-4:00 pm CT |
| Saturday | 8:00 am-12:00 pm CT |

January 15, 2015

Reference Number: 2203957
Michelle Rivera
660 Knickerbocker Ave
Brooklyn, NY 11221-5328

Current Creditor:  COMENITY BANK
Original Creditor:  Lane Bryant

Account Number: XXXXXXXXXXXX5119
Current Balance: $877.58

The above account has been placed with our office for collection.

As of the date of this letter, you owe $877.58 . Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-979-3254.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.**

Sincerely,
Delta Outsource Group, Inc.
1-800-979-3254
New York City Department of Consumer Affairs license number 1335658.

------- Please detach portion below and return with your payment. ------- Page 1 of 1 / 0000087

PO Box 1850
Southgate, MI 48195-0850

| | Account Number | Exp Date | CVV Code |
|---|---|---|---|
| VISA ☐ | | | |
| MC ☐ | Card Holder Name | | Pmt Amt |
| JCB ☐ | Signature of Card Holder | | Date |

Reference Number   2203957
Current Balance:  $877.58

Michelle Rivera
660 Knickerbocker Ave
Brooklyn, NY 11221-5328

Delta Outsource Group, Inc.
PO Box 1210
O'Fallon, MO 63366-9010

DOGI / 1 / 339010690784

96 / 0000087 / 0004